■ 915 2ND PUB, INC., Doing Business as THADY CON'S BAR & RESTAURANT, et al., Respondents, v QBE INSURANCE CORPORATION, Appellant. [44 NYS3d 42]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 14, 2016, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiffs' cross motion for summary judgment as to liability on the first cause of action, unanimously reversed, on the law, with costs, defendant's motion granted, and plaintiffs' motion denied. The Clerk is directed to enter judgment dismissing the complaint.

After excavation work on the adjacent property caused structural damage to plaintiffs' building, plaintiffs both submitted an insurance claim to defendant and negotiated a sale of the property to the owner of the adjacent property, i.e., the tortfeasor. The purchaser paid what its principal called "a crazy price for the property value" in the acknowledged hope of disposing of all liability arising from the excavation damage. Plaintiffs brought this action to recover payment under the insurance policy.

By selling the damaged building to the entity that damaged it, plaintiffs violated the terms of the policy that required them to "do everything necessary to secure" and "do nothing after loss to impair" defendant's subrogation rights, i.e., defendant's right to pursue any claim that plaintiffs had against the

tortfeasor (*see Chemical Bank v Meltzer*, 93 NY2d 296, 304 [1999]). Thus, defendant is not required to pay plaintiffs' claim (*Tropic Pollo I Corp. v Natl. Specialty Ins. Co., Inc.*, 818 F Supp 2d 559, 562 [ED NY 2011]).

The sale of the building also violated plaintiffs' obligation to cooperate with defendant in its investigation of their claim (*see e.g. Somerstein Caterers of Lawrence v Insurance Co. of State of Pa.*, 262 AD2d 252 [1st Dept 1999]). Immediately after the sale, the purchaser demolished the building, leaving nothing to investigate, at a time when the parties had yet to reach an agreement on the amount to be paid under the policy. Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.